

**IT IS ORDERED as set forth below:**

**Date: November 3, 2022**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **In re:** | : | **CASE NUMBER:** |
| | : | |
| **TERRY D. JOHNSON,** | : | **16-54167-SMS** |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |
| **NEIL C. GORDON, Chapter 7 Trustee,** | : | |
| | : | **ADVERSARY PROCEEDING NO.** |
| | : | |
| Plaintiff, | : | **18-05041-SMS** |
| v. | : | |
| | : | |
| **TERRY D. JOHNSON,** | : | |
| **ALICIA KRISTY JONES-ASHLEY** | : | |
| **INDIVIDUALLY AND AS EXECUTRIX** | : | |
| **FOR THE ESTATE OF ROSEMARY** | : | |
| **MANNS JONES, and THE ROSEMARY** | : | |
| **M. JONES FOUNDATION, INC.,** | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Debtor withdrew over $135,000 postpetition from an undisclosed IRA. Upon the Chapter 7 Trustee's discovery of the withdrawals, Debtor sought to claim the funds as exempt. The Trustee instituted proceedings to recover the funds and object to Debtor's amended exemptions. For the reasons set forth herein, the Trustee's objection to the amended exemptions is sustained and the motion for partial summary judgment is granted.

### I.     Background

Debtor filed a voluntary chapter 7 petition on March 3, 2016 (the "Bankruptcy Case," Case No. 16-54167-sms, Doc. 1). Neil Gordon, the Chapter 7 Trustee (the "Trustee"), initiated this adversary proceeding on February 2, 2018 by filing his complaint (the "Complaint," Doc. 1) consisting of four counts: Count I requesting an accounting by all Defendants; Count II seeking to sell inherited real property pursuant to § 363(h); Count III seeking avoidance of fraudulent transfers pursuant to § 548(a)(1)(A); and Count IV demanding turnover of estate property pursuant to § 542. The Trustee has now filed his *Motion for Partial Summary Judgment* (the "Motion," Doc. 40), *Plaintiff's Statement of Undisputed Facts* (the "Trustee's Statement of Undisputed Facts," Doc. 41), and *Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment* (Doc. 43), seeking summary judgment on Count IV of the Complaint with respect to the Inherited IRA (defined below). In response to the Motion, Defendant filed his *Response in Opposition to Plaintiff's Motion for Partial Summary Judgment and Brief in Support Thereof* (the "Response," Doc. 45), *Statement of Material Facts About Which There Is No Dispute and Statement of Additional Material Facts Genuinely in Dispute* (the "Defendant's Statement of Undisputed Facts," Doc. 46), and the *Declaration of Terry Johnson* (Doc. 47). Plaintiff filed his *Reply Brief in Support of Motion for Summary Judgment* (Doc. 50), and Defendant filed his *Response to*

*Plaintiff's Reply Brief* (Doc. 51). The Court held a hearing on the Motion on October 6, 2022, at which counsel for the parties presented their arguments and the Court took the matter under advisement.

## II.    Analysis

Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 56 of the Federal Rules of Civil Procedure, a grant of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the "initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted); *accord, e.g., Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1303 (11th Cir. 2009). The court must resolve a motion for summary judgment by viewing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir. 1985); *Lubin v. Cincinnati Ins. Co*., No. 1:09-CV-2985-RWS, 2010 WL 5313754, at *4 (N.D. Ga. Dec. 17, 2010) (citing *Patton v. Triad Guar. Ins. Corp*., 277 F.3d 1294, 1296 (11th Cir. 2002)).

### A.  No Genuine Issues of Material Fact Remain.

Local Rule 7056-1 governs motions for summary judgment. It requires the movant to attach "a separate and concise statement of the material facts, numbered separately, as to which the movant contends no genuine issue exists to be tried." BLR 7056-1(a)(1). The local rule also requires the non-moving party to respond to each of the plaintiff's enumerated facts and submit its

own statement of material facts as to which it contends a genuine issue exists to be tried. BLR

7056-1(a)(2). Both parties have complied with BLR 7056 (Docs. 41, 46) and the following

pertinent facts are undisputed.

Debtor's mother, Rosemary Jones, passed away in August 2015. (Trustee's Statement of

Undisputed Facts at ¶ 11). Ms. Jones worked for approximately forty years and accumulated

substantial retirement savings across multiple accounts, including employer-sponsored accounts

from Time-Warner and IBM. (Trustee's Statement of Undisputed Facts at ¶ 13). One was an IRA

for which Debtor was the sole beneficiary and into which Debtor never made any contributions

(the "Inherited IRA").[1] (Trustee's Statement of Undisputed Facts at ¶ 20).

Two weeks after filing his chapter 7 petition, Debtor filed schedules A-J and other related

bankruptcy documents under the penalty of perjury on March 17, 2016, none of which disclosed

the existence of the Inherited IRA. (Trustee's Statement of Undisputed Facts at ¶ 2). Following

the 341 meeting of creditors, Debtor filed a motion to dismiss his chapter 7 case. (Trustee's

Statement of Undisputed Facts at ¶ 6). The Trustee opposed dismissal, and alleged Debtor's

schedules were inaccurate and concealed that Debtor was a beneficiary of his deceased mother's

estate. (Trustee's Statement of Undisputed Facts at ¶ 6). Seeking more information regarding the

Inherited IRA, the Trustee issued subpoenas to Debtor, his sister, and the custodian of the Inherited

IRA. (Trustee's Statement of Undisputed Facts at ¶¶ 15-16, 18). Through discovery, the Trustee

determined that between May 2016 and August 2019, Debtor made postpetition withdrawals from

the Inherited IRA totaling $135,690.01 (the "Withdrawn Funds"). (Trustee's Statement of

Undisputed Facts at ¶¶ 20-21).

On May 3, 2022, Debtor filed an amended Schedule C, asserting an exemption in the

---

[1] Ms. Jones bequeathed substantial assets to Debtor and his sister, but only the Inherited IRA is at issue in the Motion.

Withdrawn Funds pursuant to O.C.G.A. § 44-13-100(a)(2)(F). (Bankruptcy Case, Doc. 154).

Objections to the exemption filed by the Trustee and Debtor's ex-wife remain pending

(Bankruptcy Case, Docs. 157, 159) and, to date, none of the Withdrawn Funds have been recovered

by the Trustee. (Trustee's Statement of Undisputed Facts at ¶ 23).

The parties dispute whether the Withdrawn Funds were used for the support of Debtor or

his dependents. (Response, Doc. 45). But that is immaterial to the question of whether the

Withdrawn Funds are exempt because, as explained below, the Withdrawn Funds were not

"payments" as contemplated by O.C.G.A. § 44-13-100(a)(2)(F). Accordingly, no disputes of

material fact relevant to the Court's determination of whether the Withdrawn Funds are exempt

remain, and summary judgment is therefore appropriate.

### B.  Plaintiff is Entitled to Judgment as a Matter of Law.

The Trustee seeks summary judgment directing Debtor to return the Withdrawn Funds and

for a money judgment in the same amount. In response, Debtor asserts that the Withdrawn Funds

can be exempted from the bankruptcy estate under O.C.G.A. § 44-13-100(a)(2)(F) (the "Georgia

Exemption Statute," Response at p. 3) and amended his exemptions accordingly.

The parties agree that inherited IRAs ineligible for rollover into a debtor's IRA—like the

Inherited IRA—are generally estate property. *Clark v. Rameker*, 573 U.S. 122 (2014).[2]  However,

Debtor argues the Withdrawn Funds became exempt under the Georgia Exemption Statute upon

their transfer to or use by Debtor.

The Georgia Exemption Statute exempts funds that are "*payment[s]* from an individual

retirement account within the meaning of Title 26 U.S.C. Section 408 to the extent reasonably

necessary for the support of the debtor and any dependent of the debtor." O.C.G.A. § 44-13-

---

[2] Holding that IRAs inherited from someone not the debtor's spouse ceases to function as retirement accounts and therefore are not exemptible as such under § 522.

100(a)(2)(F) (emphasis supplied). Here, Debtor made several withdrawals (the Withdrawn Funds) from the Inherited IRA, so the Court must first determine whether the withdrawals were "payments" of the kind contemplated by § 44-13-100 (a)(2)(F) before determining whether the Withdrawn Funds can be exempted under the statute.

Absent ambiguity, Georgia courts utilize a strict, textual interpretation of statutes. *de Paz v. de Pineda*, 361 Ga. App. 293 (Ga. Ct. App. 2021) (citing *Deal v. Coleman*, 294 Ga. 170, 172 (Ga. 2013)). If a case turns on the meaning of a single word, such as "payments," Georgia courts rely on legal dictionaries – specifically Black's Law Dictionary – to give precise meaning to the word in question. *Id*. Georgia courts of appeal have consistently held that words should be construed as the intention of the legislature, and therefore when different words are used, they are intended to have separate and distinct meanings. *Coleman*, 294 Ga. 172 (citing *Arby's Restaurant Group, Inc. v. McRae*, 292 Ga. 243, 245 (Ga. 2012)). Thus, in the Georgia Exemption Statute, "Payment" means "money or other valuable thing so delivered in satisfaction of an obligation." Black's Law Dictionary (11th ed. 2019). "Periodic payments" are "a series of payments made over time instead of a one-time payment of the full amount." *Id*. Comparatively, a "withdrawal" is the "removal of money from a depository." *Id*.

While there do not appear to be reported decisions on the meaning of "payment" in the context of § 44-13-100(a)(2)(F), Georgia-based bankruptcy courts have analyzed a virtually identical issue under § 44-13-100(a)(2)(E), a mirror provision to (a)(2)(F) that, rather than retirement accounts, deals with annuities, pensions, and similar plans where payments are being used for the support of the debtor or their dependents. O.C.G.A. § 44-13-100(a)(2)(E); *cf*. O.C.G.A. § 44-13-100(a)(2)(F). In *In re Herndon*, 102 B.R. 893 (Bankr. M.D. Ga. 1989), the bankruptcy court held that an annuity plan out of which a debtor can make withdrawals at any time

does not qualify for exempt status under O.C.G.A. § 44-13-100(a)(2)(E). There, the debtor's

employer made no contributions to the annuity; it was money deposited by the debtor, for

withdrawal at the discretion of the debtor. *Id*. The *Herndon* Court held that since the debtor could

transfer the funds at any time for any reason, the act of transferring those funds would not be

"receiving [a] payment" from the annuity account. *Herndon*, 102 B.R. at 895.

To be exempt, the Withdrawn Funds must have been "payments" from a retirement

account.[3] The use of the term "payments" in the statute requires that there be an obligation from

the retirement account in question to the debtor. Here, the source of the funds was an IRA inherited

by Debtor from his mother. When an IRA is received from a deceased parent, or anyone other than

a debtor's spouse, that IRA cannot be rolled into the recipient's IRA.[4] This results in an account

that the recipient can either withdraw all remaining funds from within five years, or take minimum

annual distributions.[5] The Inherited IRA existed prepetition as property of Debtor, and like the

annuity fund in *Herndon*, Debtor had the option to withdraw the entire value of the Inherited IRA

at any time. As of the time of the withdrawals between 2016 and 2019, there was no obligation for

the Inherited IRA to distribute funds to Debtor other than at his request.

Absent an obligation to fulfill, the Withdrawn Funds were not "payments" as they were not

satisfying any existing duty to perform owed by the Inherited IRA to Debtor. Because the

Withdrawn Funds are not "payments" as contemplated by O.C.G.A. § 44-100-13(a)(2)(F), they

cannot be exempt. The Trustee is entitled to partial summary judgment as to the Withdrawn Funds.

Accordingly, it is

**ORDERED** that the Motion is **GRANTED,** the Trustee is entitled to summary judgment

---

[3] Specifically, a retirement account of the kind specified under Title 26 U.S.C. Section 408.
[4] *Clark*, 573 U.S. at 122, 125.
[5] *Id.* at 128.

as to Count IV of the Complaint with respect to the Withdrawn Funds. A separate judgment will

be entered contemporaneously herewith in accordance with Federal Rule of Bankruptcy Procedure

7058, along with an order in the Bankruptcy Case sustaining the objections to Debtor's asserted

exemption in the Withdrawn Funds.

The Clerk shall serve a copy of this Order upon Plaintiff, Plaintiff's counsel, Defendant,

and Defendant's counsel.

**END OF DOCUMENT**